## DEABORN ELECTRIC LIGHT & POWER CO. v. JONES.

(Circuit Court of Appeals, Eighth Circuit. August 18, 1925.)

No. 6427.

**I. Electricity ⬅4—Elements of void sale of electric company's property stated.**

To render electric company's sale of equipment void under Rev. St. Mo. 1919, § 10483, it must be shown that property was necessary or useful in performance of company's public duties, and that no consent order was obtained; even then, sale is not void, if made to good faith purchaser for value.

**2. Electricity ⬅4—"Good faith purchaser" of electric company's property defined.**

For one to be; a good faith purchaser of property of electric company, entitled to insist on validity of sale, though Rev. St. Mo. 1919, § 10483, not complied with, there must be an actual sale, a present consideration, and an

honest, legally justifiable belief that seller had right to sell.

[Ed. Note.—For other definitions, see Words and Phrases, First and second Series, Good Faith.]

**3. Electricity ⬅4—Burden of proving good faith on purchaser of property.**

One asserting invalidity, under Rev. St. Mo. 1919, § 10483, of sale of property of public utility, has burden of proving that property was necessary or useful to utility, in performance of its public duties, and that no consent order was obtained while one asserting right to property on ground that he is good faith purchaser has burden of showing such fact.

**4. Bankruptcy ⬅458—Invalidity of sale of electrical company's property held not such as could be first asserted on appeal.**

Invalidity of sale of property of electrical corporation to bankrupt, for noncompliance with Rev. St. Mo. 1919, § 10483, requiring commission's consent to sale of property necessary or useful in performance of public duty, held not such as could be first asserted on appeal.

**5. Electricity ⬅4—Illegality of sale of electrical company's property need not appear from pleadings.**

Asserted invalidity of sale of electrical company's property for noncompliance with Rev. St. Mo. 1919, § 10483, need not appear from pleadings, since court may of its own motion take notice of and investigate legality of contract.

Appeal from the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

On rehearing. Result of former opinion adhered to.

For former opinion, see 299 F. 432.

Charles W. German, of Kansas City, Mo. (Lee C. Hull, of Kansas City, Mo., on the brief), for appellant.

William G. Boatright, of Kansas City, Mo. (I. J. Ringolsky and M. L. Friedman, both of Kansas City, Mo., on the brief), for appellee.

Before STONE and KENYON, Circuit Judges, and PHILLIPS, District Judge.

PER CURIAM. To a decision by this court (299 F. 432) against it, appellant filed a petition for rehearing, which was granted, and the case was again argued before the same judges who sat in the former hearing.

The petition for rehearing and the oral argument in support thereof mainly challenged the correctness of the construction which our former opinion placed on section 10483, Revised Statutes of Missouri 1919.

That statute declares that a sale by an electrical corporation of property belonging to such corporation, which is necessary or useful in the performance of its duties to the public, shall be void unless such corporation shall have first secured from the commission an order authorizing such sale. The statute applies only to property *necessary or useful to the corporation* in the performance of its public duties. The section provides: (1) That a sale of such property shall not be made without the selling corporation first securing a consent order from the commission; (2) that a sale of such property made other than in accordance with such a consent order shall be void; (3) that the provisions of the section shall not be construed to prevent the sale of property not necessary or useful to the corporation in the performance of its public duties. The section then contains a provision that "any sale of its property by such corporation * * * shall be conclusively presumed to have been of property which is not useful or necessary in the performance of its duties to the public, as to any purchaser of such property in good faith for value."

[1, 2] The appellant is an electrical company. In order to render a sale by it of its property void under this section two things would have to be shown: (1) That the property was necessary or useful to the corporation in the performance of its public duties; (2) that no consent order was obtained. But such a sale would not necessarily then be void. It would not be if the purchaser was one for value in good faith. The elements which make a purchaser in good faith for value are: An actual sale, a present consideration and an honest, legally justifiable, belief that the vendor has the right to sell. 8 C. J. 1196; Foster v. Winstanley, 39 Mont. 314, 102 P. 574, 579. See, also, Fargason v. Edrington, 49 Ark. 207, 214, 4 S. W. 763.

[3] The appellant contends the sale in the instant case was within the statute and void. The appellee contends the sale is not shown by the record to be within the statute and that it is shown to be within the exception. As to burdens of proof, we believe that a person asserting that a sale was void under the statute would have to show (1) that the sale was of property necessary or useful to the corporation in the performance of its public duties; (2) and that there was no consent order (such a showing would make a prima facie case). A person who defends on the ground he was a good faith purchaser for value would have to show such fact. Ordinarily, the state or a citizen would attack such a sale. It could readily show that the property was necessary or useful and there was no order. But to show the negative—that the purchaser was not a good faith purchaser for value—might be difficult. The facts surrounding the sale would ordinarily be wholly within the knowledge of the parties to the sale. Therefore, if the prima facie case, as above indicated, were made out, it would be incumbent on the purchaser to show he actually purchased the property, paid a present consideration, and honestly and justifiably believed the seller had the right to sell.

[4] The illegality of the sale under the statute was not raised by the pleadings and was not mentioned in the proceeding before the referee. It is not set up in the petition to review the decision of the referee. It is not certified by the referee as one of the questions presented. The first time any question as to the legality of the contract under the statute appears in the record is in the assignments of error on this appeal. It has been held that on review only those matters certified by the referee will be considered. In re Stokes (D. C.) 185 F. 994. See 7 C. J. 212, § 323. There are decisions to the contrary. But here where the issue of the legality of the sale was not tendered to the appellee in the trial before the referee, where no evidence was offered to show the property was necessary or useful to the appellant in performing its public duties (except where evidence offered for other purposes incidentally tended to show it), where there was no evidence that a consent order was not obtained, and appellee was not called upon either to rebut a prima facie case or produce proof that the sale was within the exception, it seems manifestly unfair to ask appellee to defend such issue on petition for review or on appeal.

[5] Of course, illegality need not appear from the pleadings. The court may take notice of knowledge of illegality coming from any source (13 C. J. 507, 742) and of its own motion investigate and determine whether the contract is illegal (Lewer v. Cornelius, 72 Wash. 124, 129 P. 911; Oscanyan v. Winchester, etc., 103 U. S. 261, 26 L. Ed. 539; Levy & Co. v. Davis, 115 Va. 814, 819, 80 S. E. 791). But in such cases the party relying on the contract has an opportunity to meet the issue and show the legality of the contract.

Counsel for appellant say the record shows this contract and sale are within the

statute. For this they rely upon two things: (1) To show no consent order was made, they say look to pages 34, 35, and 36 of appellee's brief; (2) to show the property was necessary or useful to the seller in performing its public duties, they say look to the proof that it was a sale of its entire plant. It is true that appellee's brief rather assumes no order was made. It is likewise true that a sale of the entire plant would ordinarily be the sale of property necessary or useful within the meaning of the statute. But such would not be true in every case. Suppose the appellant company's franchise had expired or had been annulled. It would no longer have any public duties to perform in the town of Dearborn. Its property there would no longer be necessary or useful in the performance of public duties. There is evidence in the record which indicates that the franchise granted to appellant had been annulled.

Could it be said under such circumstances that the bankrupt company could not have purchased honestly believing the appellant had the right without a consent order to sell such property as property no longer necessary or useful in performing its public duties?

Again, might there not be circumstances where the purchaser could honestly believe a consent order had been obtained and consummate a sale on the strength of such belief? It will be noted that the statute makes it the duty of the public utility company, the seller, to secure the consent order. Suppose the seller sends its agent to the commission to secure such order, that the buyer knows such fact, that the agent wires that the consent order had been obtained, the seller shows such wire to the buyer and the sale is made and the purchase money passes out of the hands of the seller and it is unable to respond in damages. Could such a sale be set aside? Would not the purchaser be within the protection of the exception? Whether such defenses exist in this case we cannot say. What the facts are we do not know. But the point is that appellee had no opportunity to present any defense on this issue. Whether the appellant could have shown the sale was within the statute or whether the trustee of the bankrupt company could have shown it was within the exception, this record does not disclose. Certainly the record falls far short of showing the sale was within the statute and without a consent order and void.

It is, therefore, our conclusion that in the former opinion we gave too broad a construction to the exception in the statute but that the result arrived at was correct.

Affirmed.